IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRANK MARTINEZ,**

           **Plaintiff,**

    **vs.**
                                 CIVIL ACTION
                                       No. 05-3192-SAC

**UNITED STATES OF AMERICA, et al.,**

           **Defendants.**

**ORDER**

This matter is before the court on a civil action filed by a prisoner in federal custody. Plaintiff proceeds pro se and submitted the full filing fee.

**Background**

In October 2000, plaintiff suffered a heart attack while detained at the Leavenworth, Kansas, facility operated by the Corrections Corporation of America (CCA). He was released on bond shortly thereafter. In July 2001, while incarcerated in the Federal Medical Center, Rochester, Minnesota, plaintiff was diagnosed with circulatory problems related to diabetes. As a result, he was assigned to a wheelchair.

In October 2001, plaintiff was transferred from an

Oklahoma holding facility to the CCA facility in Leavenworth. Federal marshals allegedly denied him access to a wheelchair during this transfer. Following an evaluation at CCA, plaintiff was denied a wheelchair by authorities there.

During his detention at CCA, plaintiff was examined by Dr. Bowlin for complaints concerning the condition of his ankle. Plaintiff contends Dr. Bowlin failed to provide sufficient medical care. In early November 2001, plaintiff wrote to the federal judge presiding in the criminal action against him. Following a hearing, he was released on bond and received medical care in a Kansas City hospital. Despite that treatment, plaintiff underwent an amputation procedure in January 2002.

Plaintiff signed the complaint on April 10, 2005, and it was filed by the clerk of the court on April 25, 2005.

### Discussion

The court liberally construes the present action to seek monetary damages from the individual defendants pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA).

A preliminary review of the complaint suggests the claims brought pursuant to Bivens are time-barred. A Bivens action "is subject to the statute of limitations of the general personal injury statute in the state where the action arose." Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).

In Kansas, the applicable limitations period is the two-year period set out in Kan. Stat. Ann. §60-513(a)(4).

Generally, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action," that is, when the plaintiff "should have discovered it through the exercise of reasonable diligence." Industrial Constructors Corp., 15 F.3d at 969.

Here, the events of which plaintiff complains occurred in 2001 and 2002, but he failed to commence this action until April 2005, more than two years after the last events. The court concludes the claims brought pursuant to Bivens are time-barred and must be dismissed.

Plaintiff also appears to proceed under the Federal Tort Claims Act. As directed by the court, plaintiff supplemented the record with a copy of the denial of his administrative

tort claim.  (Doc. 7, Attach.)  The denial form is date-stamped August 2005 and states that plaintiff may bring suit within six months from the mailing of the notice of final denial.  Accordingly, plaintiff's claims under the FTCA are timely.  Because the remedy under the FTCA lies against the United States for an injury caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment, the court will order the substitution of the United States as the sole defendant, <u>see</u> 28 U.S.C. 2679(b)(1), and will order the service of process.

Plaintiff submitted a combined motion for an extension of time to respond to the court's order to supplement and motion to compel the United States to produce a copy of the final decision of his administrative tort claim (Doc. 6).  Because plaintiff has since filed a response with an attached copy of the final administrative decision, the court concludes the motion may be denied as moot.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's claims against the individual defendants arising under <u>Bivens</u> are dismissed as time-barred.

IT IS FURTHER ORDERED the United States is substituted as the sole defendant to plaintiff's claims arising under the

Federal Tort Claims Act.

IT IS FURTHER ORDERED the clerk of the court shall issue summons to the United States.

IT IS FURTHER ORDERED plaintiff's combined motion to compel and motion for an extension of time (Doc. 6) is denied as moot.

Copies of this order shall be transmitted to the plaintiff and to the United States Attorney for the District of Kansas.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 12th day of January, 2006.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge